# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>IOSCO   JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>21-2816-NO |

**Court address**: 422 WEST LAKE ST., P.O. BOX 838, TAWAS CITY, MI 48764-0838

**Court telephone no.**: 989-362-3497

| Plaintiff's name(s), address(es), and telephone no(s).<br>DANIEL COLLARD | v | Defendant's name(s), address(es), and telephone no(s).<br>COBRA OIL & GAS, CORP. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>ROBERT M. RAITT (P47017)<br>DREW A. RUBY (P82843)<br>1000 TOWN CENTER, SUITE 1100<br>SOUTHFIELD, MI 48075 / 248-353-1000 | | |

**Instructions**: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 6-28-21 | 9-27-21 | Nancy Huebner |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS** | **PROOF OF SERVICE** | Case No. 21-2816-NO

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments
_____ on August 2, 2021 12:00 pm
Signature                Day, date, time
_____ on behalf of Cobra Oil + Gas Corp

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF IOSCO

DANIEL COLLARD

Case No.21 - 2816 - NO

    Plaintiff(s)

v.

COBRA OIL & GAS, CORP.

**Honorable David C. Riffel**

    Defendant.

---

ROBERT M. RAITT (P47017)
DREW A. RUBY (82843)
RAITT LAW, PLLC.
Attorneys for Plaintiff
1000 Town Center, Suite 1100
Southfield, Michigan 48075
(248) 353-1000 | (248) 617-2318 (fax)
braitt@raittlegal.com
druby@raittlegal.com

A TRUE COPY
JUN 28 2021
23rd CIRCUIT COURT

---

There is no other pending or resolved civil action arising out of
the transaction or occurrence alleged in the complaint.

/s/ *Robert M. Raitt*
Robert M. Raitt

### COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, DANIEL COLLARD, by and through his attorneys, RAITT LAW, PLLC., and complaining against the Defendant, COBRA OIL & GAS CORPORATION., a foreign corporation, and for his Complaint against the Defendant, states as follows:

### GENERAL ALLEGATIONS

1. That the Plaintiff, DANIEL COLLARD ("COLLARD"), is a resident of the City of West Branch, County of Ogema, and State of Michigan.

2. That the Defendant, COBRA OIL & GAS CORP. ("COBRA"), is a foreign corporation, qualified to conduct business in the City of Whittemore, County of Iosco, and State of Michigan.

3. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

## FACTUAL ALLEGATIONS

4. The Plaintiff hereby incorporates by reference all the allegations contained in paragraphs 1 through 3 in this complaint as they were specifically recited herein, paragraph by paragraph, word for word.

5. That on or about May 03, 2019, the Plaintiff, COLLARD and his co-worker, on behalf of McConnell and Scully Oilfield Services ("McConnell) were on location at the Defendant's oilwell, known as "Reno". The oilwell was located at the corner of 55 and 65 in the City of Whittemore, County of Iosco, State of Michigan.

6. McConnell was hired by the Defendant Cobra to strip their oilwell.

7. COBRA had their employee, Sam Mathews on site as Cobra's consultant to oversee the project.

8. COLLARD was informed that they were to take direction from Mr. Mathews and follow his orders as they proceeded to strip the well.

9. Consequently, Sam Mathews was present for the entire time the work was being done.

10. As Mr. Collard and his co-employee began the work, they asked Mathews if they could lay down plug joints. Mr. Mathews insisted on having Collard stand up the pipes as COLLARD and his co-employee performed their work.

11. Towards the conclusion of the stripping of the well, Mr. Mathews told COLLARD that all the rods and tubing were out of the wellbore. Mr. Mathews was in possession of the records to be able to verify how many rods were in the hole.

12. Also, COLLARD and his co-employee had observed paraffin flowing out of the pipe and asked Mr. Mathews if a valve could be placed in to relieve the pressure. Mr. Mathews assured COLLARD that there was no pressure and that they could proceed.

13. Consequently, COLLARD unscrewed the joint.

14. At that point, a rod which had remained in the hole, shot out of the tubing, hit the traveling blocks and landed directly on COLLARD'S arm.

15. COLLARD suffered a significant injury to his right arm.

## GENERAL NEGLIGENCE

16. The Plaintiff hereby incorporates by reference all the allegations contained in paragraphs 4 through 15 in this complaint as they were specifically recited herein, paragraph by paragraph, word for word.

17. Mr. Sam Mathews, on behalf of the Defendant, COBRA OIL AND GAS CORPORATION was placed on site, to oversee the stripping of the well by Plaintiff COLLARD.

18. Mathews had all the necessary information relevant to the Defendant's oilwell; he had the records showing exactly how many rods were in the hole.

19. Furthermore, COLLARD was told he was to take direction from Mathews throughout the project as he and his co-employee, on behalf of McConnell stripped the Defendant's well.

20. COBRA by and through their employee Samuel Mathews, as the consultant overseeing the project, breached their duties and were negligent as follows:

   a.   Failed to provide Plaintiff with a safe place to execute the stripping of the well;

   b.   Retained control of the work being done and were negligent in its inspection and job supervision;

   c.   Defendant knew or should have known through the records in Mr. Mathews possession that one rod remained in the hole; and therefore, failed to properly direct Plaintiff on the tubing and rod removal;

   d.   Defendant knew or should have known the paraffin, witnessed by Plaintiff which was flowing out of the pipe, could result in a dangerous amount of pressure being released when the joint was unscrewed; Consequently, not allowing a valve to be placed at the request of COLLARD, increased the danger to which Plaintiff was subjected when the joint was unscrewed.

   e.   Defendant knew or should have known that laying down plug joints as Mr. Collard had requested, would have been a much safer way to proceed; Consequently, Mr. Matthews insisting on Plaintiff standing up the pipes as they performed their work, additionally increased the amount of harm the Plaintiff was subjected to as he proceeded to perform the stripping of the well.

   f.   Failed to provide adequate job supervision and job inspection;

   g.   Failed to abide by MIOSHA and IOSHA standards'

   h.   Failed to carefully select a consultant on behalf of their company to oversee the work done by Plaintiff, and to properly supervise and advise Plaintiff and his co-employee how to proceed with the stripping of the Defendant's well.

   21.   Each of these acts of negligence was a proximate cause of Plaintiff's injuries and damages.

22. That as a direct and proximate result of the aforesaid acts or omissions on the part of the Defendant Cobra, Plaintiff COLLARD sustained severe permanent and irreversible injuries, including but not limited to a displaced right ulnar fracture requiring open reduction and internal fixation as well as a right carpel tunnel release with a subsequent surgery for removal of the hardware.

23. That as a direct and proximate result of the breaches of duty on the part of the defendant Cobra, Plaintiff Collard's injuries have caused him disability and work loss.

24. That as a direct and proximate result of the breaches of duty on the part of the defendant Cobra, Plaintiff Collard has sustained severe injuries, which have resulted in medical bills, which in part have yet to be paid.

WHEREFORE, the Plaintiff, COLLARD, respectfully request that this Honorable Court enter a judgment against the Defendant, in whatever the Court or Jury determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff together with interest, court costs and attorney fees.

Respectfully submitted,

RAITT LAW, PLLC

BY: /s/*Robert M. Raitt*
ROBERT M. RAITT (P47017)
DREW A. RUBY (82843)
Attorneys for Plaintiff
1000 Town Center, Suite 1100
Southfield, Michigan 48075
(248) 353-1000 | (248) 617-2318 (fax)
braitt@raittlegal.com

Dated: June 17, 2021

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF IOSCO

DANIEL COLLARD

    Plaintiff(s)

v.

COBRA OIL & GAS, CORP.

    Defendant.

Case No. 21-

---

ROBERT M. RAITT (P47017)
DREW A. RUBY (82843)
RAITT LAW, PLLC.
Attorneys for Plaintiff
1000 Town Center, Suite 1100
Southfield, Michigan 48075
(248) 353-1000 | (248) 617-2318 (fax)
braitt@raittlegal.com
druby@raittlegal.com

STEVE POTTERPOTTER,
DEAGOSTINO, O'DEA & CLARK
2701 Cambridge Ct., #223
Auburn Hills, MI 48326
248-377-1700

---

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DANIEL COLLARD, by and through his attorneys, RAITT LAW, PLLC., and hereby demands a trial by jury in the above-entitled matter.

                                Respectfully submitted,

Date: June 23, 2021                    RAITT LAW, PLLC

                              BY:   /s/*Robert M. Raitt*
                                      ROBERT M. RAITT (P47017)
                                      DREW A. RUBY (82843)
                                      Attorneys for Plaintiff
                                      1000 Town Center, Suite 1100
                                      Southfield, Michigan 48075
                                      (248) 353-1000 | (248) 617-2318 (fax)
                                      braitt@raittlegal.com

*Raitt Law, PLLC., 1000 Town Center, Ste. 1100, Southfield, MI 48075 (248) 353-1000*